UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARK and FREDLYNN LYON,                            No. 06-10502

Debtor(s).
_____/

Memorandum re Disposable Income
_____

The issue before the court is whether the calculated disposable income is the only permitted Chapter 13 plan payment, or whether the court may take into account actual income to permit a lesser payment where actual income is lower and require a higher payment where actual income is greater. As the parties have pointed out, there are numerous trial court cases going both ways on this issue and no appellate cases as yet for guidance.

Pending appellate direction, the court elects to take a pragmatic approach. If the court were to take the calculated disposable income as the only permissible payment, then some debtors would obtain windfalls while other debtors would suffer hardship. Considering actual income allows the court to demand higher payment from debtors who can afford it and require smaller payment from debtors who cannot afford more.

The court accordingly elects to follow the temporary latest word on the subject, *In re Slusher*, – B.R. – (Bkrtcy.D.Nev. 2007). That case holds, in a nutshell, that if the number on line 58 of Form B22C accurately represents the anticipated future income of the debtor, the court will use it as "projected disposable income." However, in certain circumstances, such as when a debtor gains or loses a job or when he or she receives an increase or decrease in pay immediately before filing bankruptcy, Form B22C is less authoritative,

1    and serves only as a starting point for an investigation that will include an examination of Schedules I & J.

2        Further proceedings in this case shall be consistent with this ruling.

4    Dated:  January 23, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

Case: 06-10502   Doc# 25   Filed: 01/23/07   Entered: 01/23/07 10:00:47   Page 2 of 2